# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 No. CV 08-0620 JB/WPL
                                      CR 05-0469 JB

ADRIAN PALACIOS,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant Palacios's Application For Writ Of Habeas Corpus And Claim Of Ineffective Assistance Of Counsel, filed June 30, 2008 (CV Doc. 1; CR Doc. 471). In the criminal proceeding Palacios pleaded guilty to an information. The Court sentenced him to 60 months' imprisonment and entered judgment on February 7, 2006. Palacios did not appeal his sentence. In his petition, Palacios invokes the habeas corpus provisions of 28 U.S.C. § 2241. He asserts that his sentence is illegal and resulted from ineffective assistance of counsel.

The relief that Palacios seeks, if available, must be pursued under 28 U.S.C. § 2255. The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"). Palacios's pro-se characterization of his claims is not dispositive. *See Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).

Section 2255 expressly contemplated Palacios's claims: relief is available where "the

sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. §

2255. In this circumstance,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), quoted with approval in *United States v.*

*Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)). In light of the ruling in *United States v. Kelly*, the

Court concludes that Palacios should be notified of possible consequences if the Court were to

recharacterize his petition as a § 2255 motion.

On the other hand, the Court is not required to recharacterize the petition. In *United States*

*v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005), the court noted that a district court

does not abuse its discretion in declining to recast a pleading under § 2255 if the § 2255 motion

would be untimely. More than two years have passed since Palacios's judgment became final, *see*

§ 2255 (limiting time for motion to one year), and the Court will decline to recharacterize his

petition as a § 2255 motion. Because the relief sought is available only under § 2255, the Court will

dismiss the petition. *See* 28 U.S.C. § 2254 R.1(b), 4; 28 U.S.C. § 2255 R.1(a)(3), 4(b).

**IT IS THEREFORE ORDERED** that Defendant Palacios's Application For Writ Of

Habeas Corpus And Claim Of Ineffective Assistance Of Counsel filed June 30, 2008 (CV Doc. 1;

CR Doc. 471) , is dismissed with prejudice; and this civil proceeding is dismissed.

_____
UNITED STATES DISTRICT JUDGE